UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| James Chavez, on behalf of himself and | : | Case No. 8:24-cv-02362 |
| all others similarly situated, | : | Judge Thomas P. Barber |
| Plaintiff, | : | Magistrate Judge Anthony E. Porcelli |
| | : | |
| v. | : | |
| Launch Holdings, LLC, et al. | : | |
| Defendants. | : | |
| | : | |

## MOTION OF DEFENDANTS LAUNCH HOLDINGS, LLC AND LAUNCH LABS, LLC TO DISMISS AND STRIKE CLASS ALLEGATIONS

Defendants Launch Holdings, LLC and Launch Labs, LLC (collectively "Defendants") respectfully move for an Order granting the following relief requested: (i) an Order dismissing the First Amended Complaint as to all injunctive relief claims pursuant to Fed. R. Civ. P. 12(b)(1); and (ii) an Order striking the Plaintiff's Rule 23(b)(2) injunctive relief class pursuant to Fed. R. Civ. P. 12(f) and 23(c)(1).

The basis for Defendant's requested relief of an Order dismissing the First Amended Complaint as to all injunctive relief claims pursuant to Fed. R.

1

Civ. P. 12(b)(1) is premised on the fact that Plaintiff fails to plead any basis that the alleged wrongful conduct is ongoing or anything more than an isolated set of text messages that occurred more than four months ago. In the absence of alleged ongoing harm, Plaintiff lacks Article III standing to seek injunctive relief.

The basis for Defendants' requested relief of an Order striking the Plaintiff's Rule 23(b)(2) injunctive relief class pursuant to Fed. R. Civ. P. 12(f) and 23(c)(1) is based on the fact that Plaintiff seeks monetary statutory damages on behalf of himself and others similarly situated that are not merely incidental to injunctive relief, as required to maintain a class pursuant to Fed. R. Civ. P. 23(b)(2).

A Memorandum in Support of this Motion follows.

Respectfully submitted,

*/s/ Lisa A. Messner*
Lisa A. Messner
(*Specially Admitted Pro Hac Vice*)
(Ohio Bar No. 0074034)
MAC MURRAY & SHUSTER LLP
6525 W. Campus Oval, Suite 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Fax: (614) 939-9954
lmessner@mslawgroup.com

*ATTORNEY FOR DEFENDANT,*
*LAUNCH HOLDINGS, LLC*

**MEMORANDUM IN SUPPORT OF**
**MOTION OF DEFENDANTS LAUNCH HOLDINGS, LLC AND**
**LAUNCH LABS, LLC**
**TO DISMISS AND STRIKE CLASS ALLEGATIONS**

**I.    INTRODUCTION AND BACKGROUND**

This is a putative class action brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").  Plaintiff alleges that he received text messages sent by Defendants on behalf of Kubi Homes starting in April 2024, and that those text messages violate the TCPA as telephone solicitations delivered to a number listed on the national Do Not Call Registry. Specifically, Plaintiff alleges to have received text messages starting in April 2024.  Although Plaintiff vaguely alleges to receive text messages "continuing through the present," the text messages identified in the First Amended

3

Complaint are dated from April 2024 through June 2024. (First Amended Complaint ("FAC"), ECF No. 13 at ¶17.) Plaintiff does not identify any communications occurring at any time after June, 2024. *See generally id.*

The FAC seeks statutory damages under the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B) and statutory treble damages pursuant to 47 U.S.C. § 227(c)(5)(C). (FAC, ECF No. 17 at Prayer for Relief (f) and (g).) These sections provide for an award of statutory damages for each violation of the TCPA ranging between $500 and $1,500 in money damages for each call made to Plaintiff and putative class members. *Id.* Plaintiff also seeks injunctive relief against Launch "[a]djudging and declaring that Defendants violated 47 U.S.C. § 227(c)(5); and "[e]njoining Defendants from continuing their violative behavior, including continuing to deliver solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days." *Id.* at Prayer for Relief (d) and (e).

The portions of the FAC seeking injunctive relief must be dismissed because Plaintiff has not pled (and cannot plead) any basis that the alleged wrongful conduct is ongoing or anything more than an isolated set of text messages that occurred between April 2024 and June 2024. Because the FAC fails to allege any prospect of future harm, any claim for injunctive relief must also be dismissed because Plaintiff lacks Article III standing with respect to any such injunctive relief.

For the same reasons, Plaintiff's Rule 23(b)(2) class must be stricken. The FAC asserts classes based on both Fed. R. Civ. P. 23(b)(2) and (b)(3). However, Plaintiff's claim for significant statutory damages demonstrates that this action is predicated on monetary relief – or in the least, monetary damages are not merely "incidental" to injunctive relief, as required to maintain a class pursuant to Rule 23(b)(2). Therefore, Defendants also move for an Order striking Plaintiff's class claims as asserted pursuant to Fed. R. Civ. P. 23(b)(2).

## II.   STATEMENT OF FACTS AS PLED IN THE FAC

Plaintiff is a natural person who resides in Portsmouth, Virginia. (FAC, ECF No. 13 at ¶5.) Defendants are limited liability companies with their headquarters in Tampa, Florida. *Id.* at ¶¶6-7. Plaintiff's cellular telephone number has been on the national Do No Call Registry since December 5, 2019. *Id.* at ¶16.

Plaintiff alleges that beginning around April of 2024, he received text messages from telephone numbers he did not recognize. (FAC, ECF No. 13 at ¶¶17-18.) Although Plaintiff's FAC is silent about the exact dates on which he received the alleged text messages, his screen shots show that the text messages occurred between April 2024 and June 2024. *Id.* at ¶17. Plaintiff does not allege to have received any text messages associated with Launch after that time.

Plaintiff further alleges that he identified that text messages as being associated with Kubi Homes, LLC, an entity which he sued in federal court in Arizona. (FAC, ECF No. 13 at ¶20.)  Plaintiff also alleges that he discovered Defendants were associated with these text messages during the course of his lawsuit against Kubi Homes. *Id.* at ¶21.

### III.  LAW AND ARGUMENT

    A.    <u>Plaintiff lacks Article III standing to seek injunctive relief.</u>

To demonstrate Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). Whether a party has Article III standing is a threshold jurisdictional issue that courts must address before reaching the merits of a case. *See, e.g.*, *Kawa Orthodontics, LLP v. Sec'y, U.S. Dep't Treas.*, 773 F.3d 243, 245 (11th Cir. 2014) (discussing threshold nature of standing). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. . . . The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), as revised (May 24, 2016).

A motion to dismiss for lack of Article III standing is properly brought as a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R.

6

Civ. P. 12(b)(1). *See Malgeri v. Vitamins Because LLC*, 19-22702-CIV, 2022 WL 16635274, at *6 (S.D. Fla. Sept. 30, 2022). Under Fed. R. Civ. P. 12(b)(1), a defendant may attack subject matter jurisdiction in one of two ways, "facially or factually". *Id*. A facial challenge looks merely at the four corners of the Complaint, whereas a factual challenge (which can be raised at any time) considers matters outside the pleadings. *See id.* (discussing difference between facial and factual challenge) (internal citations omitted).

Here, the face of the FAC demonstrates that Plaintiff lacks Article III standing to seek injunctive relief, which would require him to establish "continuing, present adverse effects" traceable to Launch's conduct. *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974); *see also Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1251–52 (S.D. Fla. 2019) (dismissing request for injunctive relief in TCPA case for lack of standing where there was nothing suggesting possible future injuries).

Plaintiff has not and cannot establish the requisite conduct to create Article III standing to seek injunctive relief. Plaintiff alleges that he received text messages starting in April 2024. The text messages identified in the Complaint are dated from April 2024 through June 2024. (FAC, ECF No. 13 at ¶17.) Plaintiff does not identify any communications occurring at any time after June, 2024. Plaintiff fails to allege any continuing or possible future injury. Because Plaintiff "lacks [Article III] standing to bring the asserted

7

claims on his own behalf" against Launch, he also "lacks standing to represent a class asserting such claims." *Atkinson v. Wal-Mart Stores, Inc.*, 2009 WL 1458020, at *4 (M.D. Fla. May 26, 2009).

In *Zononi v CHW Group, Inc.*, 22-CV-14358, 2023 WL 2667941, at *5 (S.D. Fla Mar. 7, 2023), the district court for the Southern District of Florida held that similar allegations of injunctive relief in the operative pleading militate in favor of dismissal:

> Here, Defendant argues the FAC fails to allege facts that show a likelihood of future injury, and the request for injunctive relief should therefore be dismissed. The Court agrees. After reviewing the FAC, the Court finds no allegations to suggest a threat of future injury, other than the mere fact of past injuries. Without more, past injuries alone do not suffice. The Court notes that Plaintiff submitted no argument to oppose Defendant's request for dismissal of the injunctive relief request. As such, the Court recommends the Motion be granted as to all requests for injunctive relief.

(Internal citations omitted.)

The same result is compelled here, and the FAC is properly dismissed as to all requests for injunctive relief.

> B. <u>The Rule 23(b)(2) injunctive relief class is also improper because monetary relief is the primary relief sought.</u>

To the extent that Plaintiff's injunctive relief claims are not dismissed, they nonetheless cannot be asserted through a Fed. R. Civ. P. 23(b)(2) class because the impetus of this suit is the recovery of statutory damages. "The

court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Moreover, under Fed. R. Civ. P. 23(c)(1)(A), "[w]here the propriety of a class action procedure is plain from the initial pleadings, a district court may rule on this issue prior to the filing of a motion for class certification." *Vandenbrink v. State Farm Mut. Auto. Ins. Co.*, Case No. 8:12-CV-897-T-30TBM, 2012 WL 3156596, at *3 (M.D. Fla. Aug. 3, 2012); *Dennis v. Whirlpool Corp.*, Case No. 06-80784-CIV, 2007 WL 9701826, at *2 (S.D. Fla. Mar. 13, 2007) ("[A] court may strike class allegations as soon as 'practicable.'"). Fed. R. Civ. P. 23 "plainly indicates that the court may decide to reject a plaintiff's attempt to represent a class as soon as it becomes obvious that the plaintiff will be unable to satisfy Rule 23." *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013).

A class established pursuant to Fed. R. Civ. P. 23(b)(2) addresses injunctive, not monetary, relief – where "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Notably, Fed. R. Civ. P. 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-61 (2011). *See also Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) ("[M]onetary relief ... is only available in a Rule 23(b)(2) class action if it is

9

incidental to the requested injunctive or declaratory relief."). This distinction is important, because permitting Plaintiff to pursue a Fed. R. Civ. P. 23(b)(2) class would sidestep the due-process "procedural protections attending the (b)(3) class – predominance, superiority, mandatory notice, and the right to opt out." *Dukes*, 654 U.S. at 361.

Courts have repeatedly rejected Fed. R. Civ. P. 23(b)(2) certification for class claims seeking statutory damages under the TCPA. For instance, in a TCPA class action seeking certification pursuant to both Rules 23(b)(3) and (b)(2), one district court held: "Because the Court finds that monetary damages, and not the injunctive relief sought, is the predominate remedy requested for the class, the proposed class may not be certified under Rule 23(b)(2)." *Cabrera v. Gov't Emps. Ins. Co.*, Case No. 12-61390-CIV, 2014 WL 11894430, at *4 (S.D. Fla. Sept. 29, 2014). *See also Jacobs v. Quicken Loans, Inc.*, Case No. 15-81386-CIV, 2017 WL 4838567, at *4 (S.D. Fla. Oct. 19, 2017) ("Here, the predominant relief is monetary, and Plaintiff's claim arises from one telephone call. Plaintiff does not explain how injunctive relief is primary."); *Connelly v. Hilton Grand Vacations Co., LLC*, 294 F.R.D. 574, 579 (S.D. Cal. 2013) ("In this suit, each plaintiff is independently entitled to statutory damages under the TCPA of $500 to $1500 per unlawful call. Thus, Plaintiffs' TCPA claims are ineligible for Rule 23(b)(2) certification, regardless of Plaintiffs' parallel request for injunctive relief.") (internal citations omitted).

In addition, courts have found it appropriate to strike (b)(2) TCPA classes at the pleadings stage pursuant to the fundamental precept that sizable statutory damages cannot be merely incidental to the purported need for injunctive relief. For example, in a recent decision involving a motion to strike class allegations from a TCPA complaint, a court reasoned:

> Zoulek's complaint seeks both equitable and monetary relief. The monetary relief she seeks, however, is obviously not auxiliary to the injunction she also requests; it is the lawsuit's principal aim and not capable of mechanical computation. On its face, then, the complaint is incapable of identifying a class that would be properly certified under Rule 23(b)(2). For that reason, Zoulek's class allegations related to certification under Rule 23(b)(2) are stricken.

*Zoulek v. Gannett Co Inc.*, Case No. 22-CV-1464-BHL, 2023 WL 3568359, at *3 (E.D. Wis. May 18, 2023) (cleaned up). Another court similarly acknowledged:

> Plaintiffs bring this action under the TCPA, which provides for statutory damages for every violation of the Act. In cases such as this one, the monetary tail would be wagging the injunction dog. An injunction is not a final remedy in cases such as this, where the injunction merely lays an evidentiary foundation for subsequent determinations of liability. Thus, Plaintiffs' class allegations in regards to Rule 23(b)(2) are stricken.

*Wolfkiel v. Intersections Ins. Servs. Inc.*, 303 F.R.D. 287, 293 (N.D. Ill. 2014) (cleaned up). *See also Progressive Health & Rehab Corp. v. Quinn Med., Inc.*, 323 F.R.D. 242, 248 (S.D. Ohio 2017) ("Contrary to Plaintiff's argument, no amount of discovery will show that these [TCPA] monetary damages are incidental to Plaintiff's injunctive claim… The Court therefore GRANTS

11

Defendant's Motion to Strike as it pertains to Plaintiff's allegations sounding in Rule 23(b)(2)").

The very nature of a TCPA class action, seeking statutory damages on a per call (or text) basis for each putative class member, precludes the certification of an injunctive relief class. Unless Plaintiff disclaims the class request for statutory damages, Launch respectfully submits that the Fed. R. Civ. P. 23(b)(2) class should be stricken from the pleadings.

### IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully move to (i) dismiss the FAC's claims for injunctive relief pursuant to Fed. R. Civ. P. 12(b)(1), and (ii) strike Plaintiff's Rule 23(b)(2) class from the FAC pursuant to Fed. R. Civ. P. 12(f) and 23(c)(1).

Respectfully submitted,

*/s/ Lisa A. Messner*
Lisa A. Messner
(*Specially Admitted Pro Hac Vice*)
(Ohio Bar No. 0074034)
MAC MURRAY & SHUSTER LLP
6525 W. Campus Oval, Suite 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Fax: (614) 939-9954
lmessner@mslawgroup.com

*ATTORNEY FOR DEFENDANTS, LAUNCH HOLDINGS, LLC AND LAUNCH LABS, LLC*

**LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that she conferred with counsel for Plaintiff by telephone on October 29, 2024 and by email on December 2, 2024 regarding this Motion.  During those conferrals, Plaintiff's counsel advised that Plaintiff intends to oppose this Motion.

*/s/ Lisa A. Messner*
Lisa A. Messner
(*Specially Admitted Pro Hac Vice)*
(Ohio Bar No. 0074034)

## CERTIFICATE OF SERVICE

I certify that on December 3, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Middle District of Florida.

*/s/ Lisa A. Messner*
Counsel for Defendant
Launch Holdings, LLC
